**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-12372

Non-Argument Calendar

————————————————

JOHNNY BEDGOOD, JR.,

*Plaintiff-Appellant,*

*versus*

WASTE MANAGEMENT INC.,

*Defendant-Appellee.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-01449-CEM-NWH

————————————————

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

2                    Opinion of the Court                    25-12372

Johnny Bedgood, Jr. brings this appeal to challenge the district court's order granting summary judgment in his employer's favor.  We affirm.[1]

## I.

Driving while drowsy is dangerous.  In July 2020, Johnny Bedgood fell asleep behind the wheel of a garbage truck—almost rear-ending another vehicle.  When Bedgood reported that his persistent drowsiness is attributable to obstructive sleep apnea, his employer granted him two months of medical leave, from July 27 to September 30.

Bedgood did not show up to his first shift on October 2, citing "childcare issues."  The following week, Bedgood missed all four assigned shifts—without notice or explanation.  Pursuant to his employer's written attendance policy, Bedgood's consecutive "no-call, no-shows" constituted grounds for termination.  When his manager informed him about the decision, Bedgood responded, "I don't appreciate you calling me trying to terminate me over the phone and I would appreciate it if you never call my phone again."

Proceeding pro se, Bedgood filed this lawsuit.  He alleges that his employer discriminated against him because of his disability—namely, his obstructive sleep apnea—in violation of the Americans with Disabilities Act.  The district court granted the employer's motion for summary judgment.  In its view, no

---

[1] All pending motions are denied as moot.

reasonable jury could find that Bedgood was terminated on the grounds of his disability.

This is Bedgood's appeal.

## II.

We review the district court's grant of summary judgment de novo.  *See McCreight v. AuburnBank*, 117 F.4th 1322, 1329 (11th Cir. 2024).  A movant is entitled to summary judgment if he can show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

The Americans with Disabilities Act makes it unlawful for an employer to "discriminate against a qualified individual on the basis of disability."  42 U.S.C. § 12112(a).  To prevail, the plaintiff must show that "he was subjected to unlawful discrimination because of his disability."[2]  *See Mazzeo v. Color Resols. Int'l, LLC*, 746 F.3d 1264, 1268 (11th Cir. 2014).

Here, Bedgood offers "virtually no evidence of discriminatory intent."  *Wascura v. City of South Miami*, 257 F.3d 1238, 1246 (11th Cir. 2001).  Tellingly, when asked at his deposition whether he had any evidence that his sleep apnea might have played a role in his employer's decision-making, he conceded, "I

---

[2] The employer does not dispute that Bedgood's obstructive sleep apnea qualifies as a disability.

don't have none at the moment." Indeed, his employer accommodated his medical needs from the very start and at every juncture. Rather than fire him for falling asleep behind the wheel, his employer granted his medical leave request. And when he was slated to return, Bedgood did not claim that his medical leave had not yet lapsed or that he needed further accommodations. Instead, he cited "childcare issues" for one absence and proffered no explanation at all for the others. On this record, no reasonable jury could find that Bedgood's termination had anything to do with his obstructive sleep apnea, as opposed to his frequent and unexplained absences.[3]

\*      \*      \*

We **AFFIRM**.

---

[3] To the extent Bedgood's filings advance a failure-to-accommodate claim, he does not point to any evidence indicating that he made a "specific demand" for additional medical leave during the period leading up to his termination. *See Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363–64 (11th Cir. 1999) (concluding that an employee's "failure to demand a reasonable accommodation after being shown the new job requirements is fatal" to her failure-to-accommodate claim).

To the extent Bedgood challenges the district court's denial of leave to file a second amended complaint, he has failed to establish "good cause" to warrant a modification of the scheduling order. *See* Fed. R. Civ. P. 16(b)(4). He filed his motion to amend fourteen months after the expiration of the amendment deadline, without an adequate explanation for why "the schedule cannot be met despite the diligence of the party seeking the extension." *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotation omitted).